HUNTSTOCK
*vs.*
HIS CREDITORS.

HUNTSTOCK *vs.* HIS CREDITORS.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE JUDGE
THEREOF PRESIDING.

The service of citation of appeal is to be made in the same manner as is required by law in courts of ordinary jurisdiction.

So the service on a commercial firm must be made on either of the partners in person, or by leaving the citation at *their store* or *counting house,* and delivering it to their clerk or agent.

In this case, the syndic of the creditors of Huntstock filed his tableau of distribution, and placed Reynolds, Byrne & Co. thereon, as chirographery creditors, for the sum of fourteen thousand one hundred dollars. They made opposition, and claimed to be recognized as mortgage creditors, and paid as such. The district judge rendered a judgment in their favor, from which Thomas Smith & Co., also creditors of the insolvent, appealed.

A citation was issued to the commercial firm of Reynolds, Byrne & Co., on which the sheriff made the following return: "Received June 4, 1835, and served on the same day, a copy of petition and citation of appeal, on Reynolds, Byrne & Co., by handing the same to Charles Briggs, a free person, above fourteen years of age, a *clerk* of the house of Reynolds, Byrne & Co."

*Boyle,* for the appellees,'moved to dismiss the appeal in this case, on the ground that there was no legal service of citation of appeal on the appellees.

*Lobdell,* for the defendant, maintained that the service of citation was good. *The Code of Practice, article* 584, requires service of citation of appeal to be made in the same way as in ordinary cases.

2. The Code then provides, that service must be made by delivery to the defendant in person, or by leaving the citation

at his domicil, with a free person, apparently above fourteen
years of age, living in the house. This is the mode in
relation to ordinary cases and persons. *Code of Practice,*
*articles* 187, 189.

3. But when a commercial firm is sued, the citation must
be served on the partners in person, or left " *at their store or
counting house, by delivery to their clerk or agent.*" Here the
sheriff made his return in writing, as he was required, stating
that he had served a copy of the petition and citation of
appeal on the appellees, Reynolds, Byrne & Co., by handing
the same to Charles Briggs, a free person, above fourteen
years of age, *a clerk of the house of Reynolds, Byrne & Co.*
This ought to be considered as fully sufficient. *Code of
Practice, articles* 188, 189, 200.

*Martin, J.,* delivered the opinion of the court.

There is a motion in this case to dismiss the appeal. The
dismissal is asked on the ground that there is no citation
attached to the record, nor does it appear that the appellees
have been cited. The citation is on file in the record. It
appears from the sheriff's return that the appellees (commercial partners) were cited, by delivering a copy of the citation
and petition to Briggs, their clerk, a free person, above the
age of fourteen years. It does not state at what place the
service of this citation was made.

The service of the citation of appeal is, by the Code of
Practice, article 584, required to be made in the same
manner as when a defendant is cited to appear before a
court of original jurisdiction. In these courts the Code of
Practice, article 198, paragraph 5, requires the service of
citation to be made in the following manner : " In suits
against any commercial association, trading under a title, or
as a firm, on any of the partners in person, or at their *store* or
*counting house,* by delivery to their clerk or agent." Neither
of the appellees was cited in person, nor was any service
made at their *store* or *counting house.* The appeal must,
therefore, be dismissed, with costs.

*The service of citation of appeal is to be made in the same manner as is required by law in courts of ordinary jurisdiction. So the service on a commercial firm must be made on either of the partners in person, or leaving the citation at their store or counting house, by delivering it to their clerk or agent.*