EASTERN DIS.
*June,* 1841.

KENDRICK'S
HEIRS
*vs.*
KENDRICK.

---

## KENDRICK'S HEIRS *vs.* KENDRICK.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF ST. HELENA.

A sheriff is presumed to be acting in and executing the process of his own parish, when the contrary is not shown; and he is not required to insert the name of his parish in his returns.

The law dispenses with *personal* service, when defendant is absent; but the sheriff's return of service should state expressly that he left the process at the *usual domicil* or residence, with a free person above fourteen years of age, *living there,* the defendant *being absent.*

The citation should state that the answer is to be filed within *ten days after service;* allowing *one day* for every ten miles distance from the residence of the defendant to the clerk's office.

In an action of partition, all the parties interested must be made parties.

This is an action by the forced heirs of Wm. Kendrick, de-

ceased, against the widow in community, for a settlement and payment of the community debts; to recover from her the separate property of their deceased ancestor; and also for a partition of said estate.

EASTERN DIS.
June, 1841.

KENDRICK'S
HEIRS.
vs.
KENDRICK.

The defendant by her counsel excepted to the plaintiffs' petition on several grounds; that all the heirs had not joined in the action; the sheriff's return omitted to state of what parish he was sheriff; and that the service of citation was defective and illegal, &c.

These exceptions were sustained by the Judge of Probates and the suit dismissed. The plaintiffs appealed.

*Sheafe,* for the plaintiffs and appellants.

*Lawson,* contra.

*Martin, J.* delivered the opinion of the court.

This is an action of partition against the widow in community of the ancestor of the plaintiffs; and they are appellants from a judgment sustaining the defendant's exceptions and dismissing the suit.

The exceptions are, first to the citation and return thereon, because it does not appear in what parish the sheriff acts, or where the domicil or house inhabited by the defendant is situated; and inasmuch as the defendant does not reside in the place where the court is held, or within ten miles, the citation does not express the delay to which the party is entitled in order to comply with the demand of the petition.

Second. There are several individuals and heirs of the plaintiffs' ancestor who have an interest in this action and who are not made parties.

I. In his return the sheriff need not name the parish of which he is sheriff; a sheriff cannot execute process out of the limits of his parish, and the presumption is, that the sheriff who executes and makes return on process is the legal and proper one, when the contrary is not alleged or shown.

II. The Code of Practice, article 189, authorizes the service

A sheriff is presumed to be acting and executing the process of his own parish, when the contrary is not shown, and he is not required to insert the name of his parish in his returns.

EASTERN DIS.
June, 1841.

KENDRICK'S
HEIRS.
vs.
KENDRICK.

The law dispenses with *personal* service, when the defendant is absent; but the sheriff's return of service should state expressly that he left the process at the *usual domicil* or residence with a free person above fourteen years of age, *living there,* the defendant *being absent.*

of the citation to be made at the usual domicil or residence of the defendant, *if he be absent,* on a free person above the age of fourteen *and living there.* In the present case the return should have stated the *absence of the defendant from home,* and that the person with whom the citation was left, was *living* there. That person, though found at the defendant's residence, might have been a visitor. In the case of a mercantile firm, the citation may be left *with the* clerk *at the* counting house; and we have held that service on the clerk, *elsewhere* is bad; *Huntstock vs. his creditors,* 10 *La. Rep.* 488. In this case the service was made at the proper place, to wit: the domicil of the defendant, but not on a proper person, to wit: *one living there.* The law only dispenses with personal *service* on the defendant when he *is absent* from home.

III. The Code of Practice, article 174, sec. 5, *requires that* "the citation *must express the number of days* given to the defendant to file his answer, according to the distance from his residence to the place where the court is held, to be reckoned from the day when the citation was served." The citation in this case directs the answer to be filed "*in ten days after service thereof,* and according to law." The article of the Code of Practice, cited above, requires the number of days to be expressed with exactitude, in order to relieve the defendant from the trouble of seeking information and the danger of error. In the present case *ten days* are stated, but there is an additional

The citation should state that the answer is to be filed within *ten days after service,* allowing *one day for every ten miles* distance from the residence of the defendant to the clerk's office.

number of days according to the distance from the defendant's domicil to the clerk's office, of which no notice is taken, except by the words " according to law;" which in our opinion are too indefinite, as they do not relieve the defendant from the trouble and danger mentioned. The citation should have stated that the answer was to be filed within ten days after service, and allowing one day for every ten miles distance from the residence of the defendant to the clerk's office.

In an action of partition, all the parties interested must be made parties.

IV. In an action of partition, all the parties, interested therein, must be made parties. Vide *Harrell vs. Harrell et al.,* 16 *La. Rep.,* 374.

It is therefore ordered, adjudged and decreed that the judgment of the Court of Probates be affirmed with costs.