### John Maxwell v. Lewis A. Collier.

Service of petition and citation, within the enclosures of a plantation on which the
 defendant resides, on a free person, apparently above the age of fourteen, shown to
 have resided at the time on the same plantation, but not in the dwelling house with
 defendant, is sufficient.  *Per Curiam.*   The whole plantation was the domicil of
 the defendant, and service on a person living on it, was good.   C. P. 189.
A plea of payment will not authorize evidence of an adverse claim in compensation
 not equally liquidated with plaintiff's demand.   C. C. 2205.   C. P. 367.
Judgments in this State upon those rendered in other States, must render them exe-
 cutory according to their tenor, whether *via executiva,* or by decreeing their execu-
 tion in an ordinary action.

APPEAL by the defendant from a judgment of the District Court
of Concordia, *Willson,* J.

*Dunlap,* for the plaintiff.

*Stockton* and *Steele,* for the appellant.

MORPHY, J.   The defendant, being sued on two judgments
rendered against him in the Circuit Court of Adams county, in
Mississippi, amounting together to $494 37, pleaded payment,
after an exception he had taken to the service of the citation had
been overruled by the court.

The return of the Sheriff shows, that service of the petition
and citation was made " on the defendant, Lewis A. Collier, he
being absent, by leaving the same *at his domicil,* in the hands of
Thomas Joy, a free person apparently above the age of fourteen
years, being and residing at the domicil of the defendant," &c.
This service, we think, was sufficient.   The defendant has failed

to show, that Joy, his overseer, resided elsewhere, as alleged in his exception. The evidence shows, that the service was made on the defendant's overseer Joy, within the enclosures of the plantation, where he and defendant reside, in the parish of Concordia, although it does not establish, that the overseer resides in the dwelling house of the defendant. The whole plantation was the domicil of the defendant, and service on a person living on it was good. Code of Practice, art. 189. 19 La. 36. .

On the trial, testimony was offered to prove a claim of the defendant's against the plaintiff, for the value of certain improvements put upon premises, leased to him by the plaintiff in Mississippi, under a written contract, by which his expenses in making said improvements were to be allowed to him. This evidence was, in our opinion, properly excluded by the Judge below. The plea of payment did not authorize evidence of an adverse claim in compensation, not equally liquidated with the plaintiff's demand. Civil Code, art. 2205. Code of Practice, art. 367. It further appears from the records of the judgments ,rendered in Mississippi, that the same claim was set up there, and passed upon. These judgments form *res judicata*, between the parties.

The appellant's counsel has urged, finally, that there is error in the judgment, as it allows eight per cent interest on the amount sued for, from the 19th of June, 1841, until paid ; and that there being no evidence in the record, that such is the rate of interest allowed in Mississippi, only five per cent should have been given from the institution of this suit. The judgments sued upon draw eight per cent per annum interest from the date above mentioned. They are evidence of the interest due, as well as of the debt. Besides, a judgment rendered in this State, upon judgments obtained in other States, must, we apprehend, render them executory according to their tenor, whether this be done by issuing executory process upon them, or by decreeing their execution in an ordinary action.

*Judgment affirmed.*