No. 12,691.

H. & C. NEWMAN VS. A. B. COOPER, T. J. COOPER ET ALS., INTERVENORS.

50 397
50 227

1. The testimony of the husband that his wife's father gave her the rents of his lands cultivated by the husband, and his testimony of the value of the rents will not suffice to establish as against his creditors the debt of the husband

for paraphernal funds; the proof must be clear that the husband received the money or property of the wife. C. C., Arts. 2383, 2390; 11 La. 458; 6 Robinson, p. 36; 2 H. D., p. 508, No. 4.

2. The surviving spouse in his settlement with the heirs of the deceased wife for her share of the community property, is entitled to a credit for the community debt paid by him. C. C., Arts. 584, 585; 3 An. 497, Succession of Bringier; 4 An. 389.

APPEAL from the Sixth Judicial District Court for the Parish of Richland. *Ellis, J.*

*J. W. Willis* for Plaintiffs, Appellants.

*A. A. Gunby* for Intervenors, Appellees.

Argued and submitted January 10, 1898.
Opinion handed down January 24, 1898.

The opinion of the Court was delivered by

MILLER, J. The plaintiffs appeal from the judgment decreeing the intervenors to be creditors of the community between their parents, and to be paid by preference over the plaintiffs, creditors of the father of the intervenors, with mortgage on his share of the community property.

The community was dissolved in 1883 by the death of the mother of the intervenors. The plaintiffs' mortgage by the surviving husband was executed in 1888. In the effort to foreclose the mortgage the plaintiffs were opposed by the intervenors, children of the marriage, claiming to be paid from the community the amount alleged to have been received by their father of the paraphernal funds of their mother. This is the third appeal in this litigation. We held on the previous occasions that the intervenors, creditors of the community, were entitled to preference of payment over plaintiffs, and their mortgage was operative only on the property to the extent of one-half thereof, subject to the deduction of all community debts. To

ascertain the amount of the community debt due the heirs of the deceased wife, and the *residuum* subject to plaintiffs' mortgage we remanded the case. The lower court has fixed the debt due the intervenors, decreed the sale of the property, that the intervenors be paid by preference from the proceeds, and that one-half the residue be applied to plaintiffs' mortgage and the other half is awarded to the intervenors as heirs of their mother. On this appeal the contention of plaintiffs is that the debt to the intervenors fixed by the judgment is not warranted by the testimony or the law.

The argument for the plaintiff assails the claim of the heirs of the wife to eight hundred and five hundred dollars for rents allowed them by the judgment of the lower court. On the proposition that these amounts were paraphernal funds of the wife converted by the husband, we have the testimony of the husband that he worked land of his father-in-law, that later he and his father-in-law worked his land on shares, that lands were worth five dollars per acre, and that the father-in-law gave his daughter, the mother of the intervenors, the value of the rents of his lands, two hundred dollars per year for four years, and five hundred dollars, one-half the rents for the year the lands were worked jointly or on shares by the husband and his father-in-law. It is insisted this testimony does not show that either money or property of the wife was ever received by the husband. The husband owed rent to his father-in-law, if any was stipulated, for the lands worked by the husband, or by him and his father-in-law on shares. These rents, community debts of the husband, can not be charged against the husband's creditors as paraphernal funds of his wife received by him. In this class of cases our courts have always exacted clear proof of the origin of the paraphernal funds and the indebtedness of the husband for those funds asserted by the wife, that is to say, there must be proof that the husband received the wife's paraphernal funds, and the husband's testimony alone has, in some instances, been deemed insufficient. Babin vs. Brosset, 11 La. 558; Oliver vs. Oliver, 6 Rob. 36, and the line of cases in 2d Hennen's Digest, p. 508, No. 4. We do not find in the testimony of the husband that the father of his wife gave rents of lands cultivated by the husband of the value stated by him, the basis for a paraphernal debt by the husband to be allowed against his creditors.

The lower court allowed the wife fifteen hundred dollars for the revenues of her paraphernal property inherited from her father.

We do not understand there is any question as to the amount of these revenues, and the testimony of the husband is these funds were used by him. On this part of the case the plaintiffs' contention is, that as the wife after her father's death administered her own property there could be no debt of the husband for the revenues. But the mere fact that the wife assumed the administration of her paraphernal funds does not exclude the receipt and conversion of her funds by the husband. The testimony is her separate property produced a net revenue from her father's death in 1878 to her own death in 1883, amounting to fifteen hundred dollars, and that the husband received and used the revenues.

It is conceded, and if not, is proved that the husband received five hundred dollars of his wife's separate funds from her debtor; there is some dispute as to the amount, but none as to the fact that the husband disposed of some portion of the wife's property, and the testimony fixes the amount, we think, with reasonable certainty at two hundred and sixty dollars. The proof is the husband received of her funds two hundred and forty dollars, given her by her father, and three hundred dollars she inherited from him. To the extent, then, of twenty-eight dollars, we conclude the claims of the heirs established.

On the other hand, the husband, it is proved, paid five hundred and five dollars, the amount of a community debt, for which he is entitled to a credit in his settlement with the heirs; the twenty-eight hundred dollars diminished by this credit leaves twenty-three hundred dollars due the heirs. Civil Code, Arts. 584, 585; Succession of Fitzwilliams, 3 An. 489.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be avoided and reversed so far as it adjudges the intervenors to be entitled to three thousand three hundred and five dollars as heirs of their mother, and it is now ordered, adjudged and decreed that the debt due their mother for paraphernal funds be and it is hereby fixed at twenty-three hundred dollars, with legal interest from their mother's death; that as directed by the lower court the community property be sold, from its proceeds there be paid the aforesaid debt to the heirs; that one-half of the residue be paid the intervenors; that the other half of said residue be paid plaintiffs to the extent requisite to pay their mortgage debt, and that intervenors pay the costs of the appeal.