PROVOSTX, J.
In- this suit a sale made by an emancipated minor is sought to be annulled on the ground that the judgment emancipating him was null, for the reason that it was procured fraudulently, and was rendered without the assent of a special tutor.
Exceptions of no cause of action and of want of authority of the plaintiff tutor to stand in judgment were sustained, the first, founded on the contention that the judgment of emancipation cannot be treated as an absolute nullity, and the second on the ground that no order appointing plaintiff as tutor has ever been made, and that, if such an order has been made, it is null, because a tutor cannot be appointed to an emancipated minor.
The father of the minor disappeared 18 years before the emancipation proceedings, when the minor was not yet born, and has not been heard of since. The mother died 5 years later. No tutor has ever been appointed.
[1] The emancipation proceedings were carried on without the appointment of a special tutor. This made them absolutely void, in the same way that a judgment rendered without citation is void. Article 385 of the Code, under which the proceedings were had, provides:
“This petition [for emancipation] shall be accompanied by the written assent of the tutor, if there be one, otherwise by that of a special tutor appointed for that purpose.”
[2, 3] It is argued that the disappearance of the father was an abandonment of the mother and of the unborn child, and was cruelty to the child such as justified an emancipation without the intervention of a special tutor, under article 387 of the Code, reading:
“Art. 387. If any minor, desiring to avail himself of the provisions of the two preceding articles, has a father or mother living, the consent of the father or mother, or both, shall be necessary to authorize the judge to act; but such consent shall not be necessary if the application be made on the ground of ill treatment, refusal to support, or corrupt examples.”
The only allegation in the petition for emancipation with reference to the father, or to any cruelty on his part, was that:
“He left this parish some 18 years ago and has never been heard of since.”
Assuming that abandonment is' cruelty within the intendment of this article of the Code, this allegation is not one of abandonment, as it does not show that the failure of the father to return was not due to causes beyond his control; and, moreover, the cruelty to which said article has reference, is evidently that of a father living and present, not that of one merely absent. In such a case of absence of the father and death of the mother the Code requires that a provisional tutor shall be appointed. Article 84. There is no merit, therefore, in this contention that the case was one in which the assent of a special tutor was unnecessary.
The minor was therefore unemancipated, and the appointment of a tutor was in order.
[4] On the question of whether the plain *165 tiff tutor was in fact appointed, the facts are: That a petition was addressed to the court, alleging the necessity of a tutor being appointed, and asking that a family meeting be held to recommend some suitable person for appointment. That the clerk of court made an order on this petition directing this family meeting be held, and a commission to issue to himself to hold it; that he issued this commission to himself, and, by virtue of it, held the family meeting, and drew up the proces verbal of its deliberations and of its recommendation of plaintiff for appointment, and returned it into court. That a petition was filed in which the allegation was made that this family meeting had been held and had recommended that the plaintiff be appointed tutor, and in which the prayer was that the plaintiff be so appointed. That upon this petition the same clerk of court made the following order:
“By reason of the law and recommendations of the family meeting duly and legally convoked, it is ordered that the proceedings of said family meeting be allowed, homologated, and made the judgment of the court.
“Thus done and signed officially this May 23, 1914.
“[Signed] E. H. Eortson, Clerk Dist. Court.”
That on the same day the same clerk of court administered to the plaintiff tutor the oath of office, and issued to him letters of tutorship, as follows:
“Tutorship of the Minor Heir, Zinnie Lee Williams.
“State of Louisiana, Parish of Claiborne.
“i, J. E. Gaston, of the above state and parish, do solemnly swear that I will well, faithfully, and impartially discharge and perform all and singular the duties incumbent upon me as tutor to the minor heir, Zinnie Lee Williams, of the parish of Claiborne, La., to the best of my ability and understanding so help me God.
“[Signed] J. E. Gaston.
“Sworn to and subscribed before me this May 23 1914.
“[Signed] E. H. Fortson, Clerk of Court. “State of Louisiana, Parish of Claiborne.
“Whereas, by an order of the Third district court in and for the parish of Claiborne, La., J. E. Gaston has been appointed tutor to the minor. Zinnie Lee Williams, of the parish of Claiborne, and has taken the oath prescribed by law and the abstract of inventory therein made having been duly inscribed in the mortgage records of the parish of Claiborne, La.:
“Now, therefore, he is fully commissioned, authorized and empowered to do and perform all the acts duties devolving upon him by law in said capacity and all such acts declared to be of full force and credit in law.
“Given officially this 2Sd day of May, A. D. 1914.
“[Signed] E. H. Eortson, Clerk of Court.”
It would have been more regular to have made a formal order of appointment in express terms; but, the clerk of court being: the proper authority for making the appointment, we think the foregoing acts of his are equivalent to an appointment.
That the absence of an express order of appointment of a guardian to a minor may be supplied by other proceeding equivalent to or implying an order, has been held in other jurisdictions, and, it is the impression of the writer, by this court, although he has not succeeded in finding the decision in the digests. 22 Cyc. 658; 10 Ency. Pl. & Pr. 664.
The judgment appealed from is set aside, and the ease is remanded to be proceeded with according to law.
SOMMERVILLE, J., concurs.