177 So. 688

**In re WEBSTER'S TUTORSHIP.**

No. 34491.

Nov. 29, 1937.

Nicholas G. Carbajal and A. P. Schiro, 3d, both of New Orleans, for relator.

Wallis & Butler, of Houma, for respondents Citizens Bank & Trust Co. and Robt. B. Butler, Judge.

FOURNET, Justice.

Relator, Ernest Webster, alleging that he had been duly emancipated by judgment of the civil district court for the parish of Orleans, ruled his "former co-tutor, the Bourg State Bank and Trust Company (now Citizens Bank and Trust Company)," into court to show cause why his entire estate, consisting of federal and state bonds and cash, amounting in excess of $11,000, should not be turned over to him.

The Citizens Bank & Trust Company resisted the rule on the ground that the alleged judgment of emancipation is an abso-

lute nullity because (1) relator's tutor, the Bank, was not made a party to the emancipation proceedings; and (2) that the tutor being domiciled in the parish of Terrebonne, the domicile of the minor was necessarily in that parish, and the civil district court for the parish of Orleans was without jurisdiction.

The trial judge dismissed relator's demand on the first above-mentioned ground, and his ruling is now before us for review on writs which we granted on the relator's application.

Relator's father, Lloyd Webster, died while in the service of the United States Army during the late World War, and his mother, in order to receive and administer certain monthly payments due him as beneficiary on a war risk insurance policy left by his father, was appointed and qualified as his natural tutrix by order of the Twentieth judicial district court for the parish of Lafourche, on February 28, 1920. His mother and natural tutrix later moved to Houma, La., and on the 14th day of November, 1924, by order of the district court, relator's account was transferred from the Bank of Lafourche of Thibodeaux (Lafourche parish) to the Bank of Terrebonne & Savings Bank of Houma (Terrebonne parish). It appears that his mother and natural tutrix had remarried on November 26, 1923, and some time thereafter moved to Algiers, Orleans parish. Upon his mother's request and on her suggestion to the court that, because she was unable to keep the required accounts and the Veterans' Bureau had caused the discontinuance of all payments of the

monthly amounts due her minor son under the policy, she be relieved of her trust as natural tutrix, the Twentieth judicial district court for the parish of Terrebonne accepted her resignation and appointed the Bourg State Bank & Trust Company of Houma, on the 29th day of September, 1927, as relator's tutor with full charge of his financial affairs and, at the same time, appointed his mother as cotutrix to have charge of his person. On April 14, 1937, relator applied to the civil district court for the parish of Orleans to be emancipated, and his mother, in her capacity as "dative tutrix by appointment of the Seventeenth Judicial District Court * * *," gave her written and sworn assent to her minor son's emancipation, and the judge of division E of the said court thereupon, on the same day, rendered judgment emancipating relator. The rule in controversy followed.

It is the contention of counsel for relator: First, that the judgment of emancipation cannot be collaterally attacked; and, second, that the Citizens Bank & Trust Company has never been appointed or confirmed as tutor of the relator, and his mother, having been appointed as his cotutrix, was therefore the only authorized person who could give assent to his emancipation; consequently, the Citizens Bank & Trust Company was not a necessary party to the emancipation proceedings and is without right or interest in the matter.

"It is settled by ample authority that a judgment rendered against a party who has not been cited and who has not appeared is an absolute nullity, which can

be invoked, not only by such party, but also by any one interested." Logwood v. Logwood, 185 La. 1, 168 So. 310, 311. And emancipation proceedings carried on without the assent of a duly appointed and qualified tutor or special tutor are absolutely void. Gaston v. Rainach, 141 La. 162, 74 So. 890, 891.

In the case of Gaston v. Rainach, supra, a sale made by an emancipated minor was attacked on the ground that the judgment emancipating him was a nullity because it had been rendered without the written assent of a duly appointed and qualified tutor, and the court held that the emancipation of a minor without the written assent of a tutor or special tutor appointed for that purpose was an absolute nullity and subject to collateral attack. In discussing that phase of the case this court said:

"The emancipation proceedings were carried on without the appointment of a special tutor. This made them absolutely void, in the same way that a judgment rendered without citation is void. Article 385 of the Code, under which the proceedings were had, provides: 'This petition (for emancipation) shall be accompanied by the written assent of the tutor, if there be one, otherwise by that of a special tutor appointed for that purpose.' "

With reference to the question raised by relator's counsel that the Citizens Bank & Trust Company has never been appointed as relator's cotutor, the trial judge, in his return to this court, stated that this question was not made an issue in the lower court either by pleadings or argument and that it should not be considered before this court.

We have the entire record before us, and it does not appear that the Citizens Bank & Trust Company, which succeeded the Bourg State Bank & Trust Company (relator's former tutor), was ever appointed or qualified as relator's tutor. The record does show, however, that the Bank acted as tutor and was apparently recognized as such by the court, but this could not give it the status of a tutor any more than anyone else who undertook to act as his tutor but without having been appointed and qualified under the express requirements of law. The status of tutor is the creation of law and can be conferred only by a court of competent jurisdiction, and then only upon compliance with the requirements of the law. Nevertheless, the Citizens Bank & Trust Company, which is now in possession of the relator's property, has an interest in accounting and paying over the funds to one who has authority to receive the same, and we must, therefore, take up the question as to the legality of relator's emancipation.

The Bank was appointed tutor under the provisions of Act No. 45 of the Legislature of Louisiana for the year 1902, section 1, the pertinent part of which reads as follows:

"And such banks may be appointed * *. * tutor * * * in the same manner and to the same extent and under the same conditions that natural persons may be so appointed; and *when acting in such capacity, they* shall account, shall receive compensation, and *shall be subject to all orders or decrees made by the proper tribunal in the same manner and to the*

*same extent as natural persons acting in similar capacity;* provided, that whenever any such bank shall have been appointed * * * tutor of a minor * * * it shall have only the care, custody and administration, of the property of such * * minor, and the care and custody, of the person of such * * * minor shall be confided to such person as by law would otherwise be entitled to the * * * tutorship." (Italics ours.)

The district judge, in a well-considered opinion, in discussing the above act and its effect on the issues of the case at bar, said:

"If the foregoing language makes certain any specific 'intention,' it is that such banks (named under its provisions) shall be named and are 'Tutors' of the minors to whom they are appointed, 'to the same extent and under the same conditions that natural persons may be so appointed'; in other words, quoad their character of 'tutors,' there is no distinction between them and natural persons similarly qualified as tutors, except that the physical custody of minor is not accorded them, but is entrusted to such person as by law would 'otherwise' be entitled to the tutorship.

"The fact that such person would otherwise be entitled to the tutorship, does not in any way raise them to the dignity of tutorship—it merely and solely entitles them 'to the custody of the person of such minor.' The law, as read, does not even contemplate that such person shall be known by any specific title, or so designated in

any instrument of appointment. It contents itself with the provision that 'such person shall have the care and custody of the person of such minor.' 'Care and custody of the person', read in the light of the entire Act, cannot be interpreted as synonymous with 'tutor.'

"This is true; first, because the 'tutorship' is specifically conferred upon the bank, with the single modification that the actual custody of the minor's person is withheld from it; but, even though withholding such function from the bank, the Act, in the same breadth, designates and styles the bank as 'Tutor.'

"Second, because the mere right of physical possession of the body of a minor does not convert the possessor thereof, a tutor. The citation of authorities in support of this proposition is needless. The status of 'tutor' is a creation of law; this is true, even as regards natural tutorship, a privilege which has been granted only to surviving parents—not as a right, but as a matter of governmental policy. It is true as to every form of tutorship.

"There can be no tutorship save by authority of positive law. The Act in question, specifically clothes such banks with the status of 'tutors,' and patently fails to so designate such persons as might otherwise have been entitled to claim the tutorship by reason of some other provision of another law.

"Nor does the fact that such person may have been inaccurately dubbed a co-tutor in an order of court acting with reference to

the provisions of Act 45 of 1902, necessarily make him or her a 'tutor,' since the court is without power to confer a title not created or authorized by the mandate of the law under which it is acting.

"Hence, the conclusion appears obvious that in the instant case, * * * the minor's mother, Beatrice Brown, never was and is not the minor's tutor, in any sense, by reason of the court's action in awarding her the 'care and custody of the person' of the minor at the time when acting under the authority of Act 45 of 1902, it named the respondent in rule 'tutor' to the minor.

"Since that award did not vest her with the legal status of a tutor, and since she had long before resigned the tutorship in the possession of which she was at one time confirmed the conclusion is that at the time that the minor addressed his petition for emancipation to the Civil District Court of the Parish of Orleans, Beatrice Brown, the mother of the minor did not possess the status of 'tutor,' in any sense, to said minor."

We conclude that the judgment of emancipation was granted without the assent of a duly qualified tutor as required by law, and it is, therefore, null and void, and that the trial judge properly refused to order the Citizens Bank & Trust Company to turn over the assets of the minor to him.

For the reasons assigned, the judgment of the lower court is affirmed, at relator's cost.

HIGGINS, J., absent.