### DICKEY v. POLLOCK et al.
### No. 5703.

Court of Appeal of Louisiana. Second Circuit.

June 30, 1938.

W. M. Pollock, of Mansfield, in pro. per.

Wallace & Stinson, of Benton, for appellants.

Melvin Johnson, of Shreveport, for appellee.

HAMITER, Judge.

On March 25, 1927, Knight Brothers, a partnership composed of Will Knight and Matt Knight, instituted suit No. 10,065 on the docket of the District Court of Bossier Parish, Louisiana, against C. B. Dickey, and therein averred that the latter was a resident of said parish. An alleged unpaid promissory note was involved, and a personal judgment was sought.

The citation issued in connection with the petition and addressed to Dickey was returned to the Clerk of Court by the sheriff with the following notation: "Received the within citation on the 25th day of March 1927, returned the same unserved after finding that the defendant had left the State and is now in Chicago, Ill."

Thereafter Knight Brothers filed a supplemental petition alleging that Dickey was permanently residing in the State of Illinois, and that a writ of attachment was necessary to protect the partnership in the premises. A curator ad hoc was appointed to represent the asserted absentee and after proceedings were had the requested writ of attachment issued and his undivided one-sixth interest in and to 239 acres of land in Bossier Parish, Louisiana, was seized.

An in rem default judgment was later granted on the note claim, and the seized property was ordered sold according to law. The usual writ of fieri facias followed, and the subsequent customary proceedings were had contradictorily with the curator ad hoc. The property was adjudicated at sheriff's sale on September 10, 1927, to the seizing creditor, Knight Brothers.

On the first day of December, 1930, said adjudicatee conveyed the acquired interest, under a general warranty deed and for a cash consideration of $250, to W. M. Pollock. The latter paid all taxes on it for

the years 1932 to 1937, both inclusive, totaling the sum of $51.

The instant suit was brought by the said C. B. Dickey against Knight Brothers and W. M. Pollock. Plaintiff alleges his ownership of the above mentioned undivided interest, and that all of the proceedings had in said suit No. 10,065, including and particularly the sheriff's sale and judgment, and also the deed from Knight Brothers to W. M. Pollock, are null and void. The reasons assigned for such nullity are that the district court of Bossier Parish, Louisiana, had no jurisdiction over Dickey because he was then and is now a resident of Caddo Parish, Louisiana; that he was not living in Chicago, Illinois, as stated by the sheriff in his return to the citation; and that he was not served or cited in the cause, made no appearance therein, and had no knowledge or information whatsoever of the proceedings. The prayer of the petition is for judgment against defendants recognizing plaintiff as the owner of said undivided one-sixth interest and decreeing the annullment of the in rem judgment and the aforementioned two deeds.

All of the defendants excepted to the petition as disclosing no cause and no right of action. The exceptions were overruled.

Defendant Pollock then answered generally denying plaintiff's allegations and averring the validity of the assailed proceedings and deeds. In connection with his answer is a call in warranty directed to Knight Brothers. He prays for the dismissal of plaintiff's suit, and in case of his eviction that he have judgment against the warrantor partnership and the members thereof for the amount of the purchase price, with interest, and all of the taxes paid by him.

The partners appeared individually and adopted the answer filed by defendant Pollock.

The prescription of two years provided for under Civil Code, article 3543, as amended by Act No. 231 of 1932, is specially pleaded by the defendants as barring attack on the judicial sale.

The judgment rendered by the district court, after a trial of the issues was had, recognized plaintiff as the owner of the contested undivided one-sixth interest in the real estate, annulled and set aside the in rem judgment obtained in suit No. 10,-065 and the sheriff's sale and deed flowing therefrom, and ordered cancelled and erased from the records of Bossier Parish, Louisiana, said deed and also the deed from Knight Brothers to W. M. Pollock. It further ordered the warrantors, Will Knight and Matt Knight, to jointly pay unto W. M. Pollock the sum of $250, with five per cent. per annum interest thereon from December 1, 1930 until paid, and the additional sum of $51, being taxes paid by said Pollock since his purchase, as well as all costs of the proceedings.

Appeals were perfected only by W. M. Pollock and Will Knight.

Appellants reurge here their exceptions of no cause and no right of action and thereunder contend that according to the law of this state plaintiff could attack the sheriff's return to the citation only in the proceeding of which it was a part, viz., suit No. 10,065, and not in a separate cause as is here attempted. In support of this they cite subsection 18 of section 1 of Act No. 179 of 1918, which reads:

"The return of the sheriff or constable shall be conclusive, unless directly attached; but the attach may be by rule in the same proceeding, if before judgment, but after judgment can only be direct action but in the same proceeding; and the return, if correct, may be amended at any time before or after judgment, provided proceedings for that purpose are taken contradictorily with the party upon whom it is alleged the service was made, or who is affected thereby; said party to have personal service of any process to correct the return, unless it can be shown, as hereinabove set forth, that personal service cannot be had, in which event the court may direct some other kind of service."

In our opinion the quoted provision is not pertinent to the instant case. This is not an attack made primarily on the sheriff's return. Plaintiff assails the in rem judgment against him for the alleged reason that he was not legally cited. He avers in his petition that he resided in Caddo Parish, Louisiana, at the time and was never served or cited in the cause. If his residence was in this state as he alleges, and his allegations must be accepted as true for the purpose of considering the exceptions, then the appointment of and service on the curator ad hoc, for him and in his stead, were unauthorized and illegal and there was no valid citation.

"The citation itself is the important legal fact upon which the validity of the judg-

ment rests, while the return is simply evidence in respect to that fact. The citation in a case must not be confounded with the sheriff's return, which recites his own actions in the matter of the service thereof. The citation may be good, though the return for some reason be irregular; while the return may be perfect in its recitals, yet the citation be null." Adler v. Board of Levee Com'rs of Orleans Levee Dist., 168 La. 877, 123 So. 605, 606.

The nullity of a judgment may be demanded if the defendant has not been legally cited, and has not entered appearance, joined issue or had not a regular judgment by default taken against him. Code of Practice, article 606. Such demand may be made in the court which rendered the judgment. Code of Practice, article 608. If the nullity is sought in that court the action must be brought by means of a petition and the adverse party must be cited to appear as in ordinary suits. Code of Practice, article 610.

We think that the procedure followed by plaintiff is proper, for he instituted his suit in the court which rendered the judgment and ordinary citation was directed to the judgment creditor.

In the trial of the case on the merits Dickey testified that he had lived continuously in Caddo Parish, Louisiana, since the year 1922; that he had never been out of the State of Louisiana; and that he had no knowledge of the Knight Brothers' suit, which was instituted in March, 1927, until many years after the attempted adjudication of his interest at the sheriff's sale. In the record is a certified copy of an oil and gas lease, covering 80 acres of the land in question, executed by plaintiff and his co-owners on December 30, 1926, and the former states that he signed it in Shreveport, Louisiana. It is the testimony of Mr. S. I. Jeter that from 1922 until the year 1929 plaintiff attended his lawn and yard, located in Shreveport, and that during the spring and summer of said period he usually mowed the grass once a week. His recollection was that from March until June, inclusive, of 1927, there was no interruption in this yard service. Mr. Jeter further stated that Dickey also worked for Mr. Charles Hardy, who owned an adjacent home, and that following the latter's death Mr. C. J. Lawton purchased that property. It is the testimony of Mr. Lawton that he moved into the mentioned home on July 15, 1927, and immediately thereafter plaintiff

"came and said that he wanted to continue keeping the yard as he had been before"; and that he has attended that yard ever since July 15, 1927, with the exception of a period of eighteen months in 1931 and 1932.

The execution of the oil and gas lease and the statements of Messrs. Jeter and Lawton are in corroboration of plaintiff's positive testimony, and, as defendants offered no contradicting evidence, it must be held as a fact that Dickey was not a non-resident of Louisiana when the attacked proceedings were held. It is the law of this state that a judgment based on a citation to a curator ad hoc appointed under allegations that the defendant is a non-resident must be annulled when in fact such defendant is a resident of Louisiana. Ventress v. Akin et al., La.App., 177 So. 117.

Appellant Pollock contends that according to the provisions of article 116 of the Code of Practice, Dickey was properly cited through a curator ad hoc. The article reads: "If the minor against whom one intends to institute a suit has no tutor, the plaintiff must demand that an attorney at law be appointed to defend the suit. The same course shall be pursued if the person intended to be sued be absent and not represented in the State, or, in partition or expropriation suits or any other suits in which an absentee may be represented by an attorney at law appointed to defend the suit, if it be made to appear by affidavit that the residence of the defendant is out of the State or unknown to plaintiff, the attorney at law so appointed may waive service and citation of the petition, but shall not waive time or any legal defense."

In his brief he argues that although Dickey "was in the State, if his residence was unknown to the attorney for plaintiff Knight Brothers then the appointment of a curator ad hoc was regular and in compliance with the statute, even though he lived in another parish or some other part of the State * * *."

We are certain that the quoted codal provision cannot be given the construction suggested. A reading of it in its entirety clearly discloses that only minors and non-residents of Louisiana come within its application.

The prescription of two years pleaded by defendants under the provisions of Civil Code article 3543, as amended by Act No. 231 of 1932, is not, we think, well

founded. The article relates to informalities only and not to absolute nullities. Buillard v. Davis et al., 185 La. 255, 169 So. 78. A judgment rendered against one who has not been cited and who has not appeared is an absolute nullity. In re Webster's Tutorship, 188 La. 623, 177 So. 688; Logwood v. Logwood, 185 La. 1, 168 So. 310.

The judgment in the instant case appears to be correct and it is affirmed.