EASTERN DIST.
*December*, 1840.

PILIE
*vs.*
KENNER.

———

## PILIE *vs.* KENNER.

### APPEAL FROM THE COMMERCIAL COURT OF NEW-ORLEANS.

A return that citation and petition were "served on the defendant, by leaving the same at his domicil, with G., his agent, he being absent," is insufficient: It not appearing that G. was living in the house, or where the domicil or house of the defendant is situated.

It will suffice to make service on the agent, if the agency appear in or by the petition; but not otherwise.

This is an action against the defendant, as endorser of a promissory note, duly protested. The plaintiff made proof of the signatures of the payee, and also of the defendant as second endorser. There was judgment by default made final, and the defendant appealed.

The principal grounds relied on are, that there was no legal service of citation and petition.

EASTERN DIST.
*December*, 1840.

PILIE
*vs.*
KENNER.

*Pilie,* for the plaintiff, insisted on the affirmance of the judgment.

*I. W. Smith,* for the appellant, urged the reversal of the judgment, on the following grounds :

1. The defendant has not been legally cited : *Code of Practice, arts.* 189, 201. The 196th article is not applicable, because the name of no attorney in fact, appears in the petition. The defect has not been waived, and the judgment appealed from is null and void : *M'Micken* vs. *Smith,* 5 *N. S.,* 429 ; *Bernard* vs. *Vignaud,* 1 *N. S.,* 9 ; *Code of Practice, art.* 612.

2. There was no evidence legally taken of the signature of the defendant. The law allows testimony to be taken in but two ways, viz : by commission and by examination *in open court.* This evidence was taken in neither way, but by deposition *before* the clerk.

*Martin, J.,* delivered the opinion of the court.

The defendant is appellant from a judgment by default, and prays the reversal, on an allegation that he was not legally cited.

The sheriff's return on the citation, is in the following words : "Served petition and citation on H. B. Kenner, by leaving the same at his domicil, with Mr. Green, his agent, he being absent."

It appears to us, that the service of petition and citation was not legally made ; it not being stated in the return of the sheriff, that the person with whom the citation was left

A return that citation and petition were served "on the defendant, by leaving the same at his domicil, with G., his agent, he being absent," is insufficient: It not appearing that G. was living in the house, or where the domicil, or house of the defendant, is situated.

EASTERN DIST.
*December*, 1840.

"was living in the house." *Code of Practice*, 189. Nor "where the domicil, or the house inhabited by the defendant, is situated." *Idem.*, 201.

The person with whom the process was left, is stated to be the agent of the defendant. This would have sufficed, if the agency had appeared in the petition. *Idem.*, 196. But this is not the case.

It will suffice to make service on the agent, if the agency appear in or by the petition; but not otherwise.

As it does not appear that the defendant was legally cited, all the proceedings against him in the court below were without foundation; consequently null and void.

It is, therefore, ordered, adjudged and decreed, that the judgment be annulled, avoided and reversed, and the case remanded for further proceedings, according to law; the plaintiff and appellee paying the costs of the appeal