SPARKS *vs.* WEATHERBY.

SPARKS
*vs.*
WEATHERBY

APPEAL FROM THE COURT OF THE SECOND DISTRICT, FOR THE PARISH OF
ASSUMPTION, THE JUDGE THEREOF PRESIDING.

The return of service of citation by leaving it at the "*usual domicil,* with a free white person, apparently above the age of fourteen years," is insufficient, when it appears from the evidence, the defendant *had removed* to another parish ; and because it does not state that the person with whom citation was left, was "*living in the house.*"

This suit commenced by injunction, and is in the nature of an action of nullity, to set aside a judgment, obtained by Weatherby against the present plaintiff.

Wetherby, the former plaintiff, having obtained a judgment against Sparks, while he was absent, residing in New-Orleans, the latter, on returning to his former residence, resisted the execution of this judgment, on the ground that he had not been legally cited, and had no notice of the proceedings. He sued out a writ of injunction, and prayed that the judgment be annulled and set aside.

The defendant pleaded a general denial ; averred there was no proper ground for an injunction, and prayed that it be dissolved, with damages.

On these pleadings and issues the cause was tried.

The grounds on which the case turns, are included in the sheriff's return of service of petition and citation on the defendant, in the suit of Weatherby against Sparks. This is set forth in the opinion of this court.

There was judgment, perpetuating the injunction, and annulling and setting aside the judgment enjoined. The present defendant appealed.

*Miles Taylor* for the plaintiff.

*Beatty,* contra.

*Morphy, J.*, delivered the opinion of the court.

EASTERN DIST.
*January*, 1841.

SPARKS
*vs.*
WEATHERBY.

The defendant, Weatherby, is appellant from a decree, enjoining perpetually the execution of a judgment, and pronouncing its nullity, on the ground that no citation had been served on defendant in said suit.

The record shows, that towards the end of 1836, Sparks, who resided in the parish of Assumption, sold his plantation to J. D. Bibb, and removed with his family to New-Orleans, where he resided upwards of two years; after that time, having rescinded the sale of his plantation, he returned to the parish and fixed his residence there. Weatherby, who had brought suit and obtained a judgment by default against him, while he was living in New-Orleans, then sued out an execution, which was enjoined.

The sheriff's return, states " that he made service by delivery, on the 27th of January, 1837, of a copy of the petition and citation, at the usual domicil of defendant, to C. W. Bibb, a free white person, apparently above the age of fourteen years."

When there has been no personal service of a citation, its want can be supplied only by pursuing strictly the provisions of law which substitute for it any other species of service; the *Code of Practice, art.* 189, requires " that service must be made, by leaving copies of the citation and petition *at the usual place of domicil or residence* of the defendant, if he be absent, by delivering them to a free person, apparently above the age of fourteen years, living in the house." In this case, the evidence shows that Sparks no longer resided at the place mentioned as his usual place of domicil; another family occupied the house, and, at that time, nothing indicated that he would ever return to it. The expressions in the obove article, evidently contemplate a temporary absence; and the provision itself, is based on the presumption that the party sued will receive intelligence, from citation being made, where he usually resides. But there is another defect in this return. It does not show, that the person in whose hands the citation was placed, was living in the house; this would be

The return of service of citation by leaving it at the *"usual domicil,* with a free white person, apparently above the age of fourteen years,"* is insufficient, when it appears from the evidence, the defendant had removed to another parish; and because he does not state that the person with whom the citation was left, was *" living in the house."*

fatal, even if the place was that of the usual abode of the defendant; for the person entrusted with the writ, might happen to be an entire stranger, accidentally in the house, and likely to have no communication with the defendant. When from certain facts the law implies notice in judicial proceedings, they must all concur, in order to establish such constructive notice.

It is, therefore, ordered, that the judgment of the District Court be affirmed, with costs.