## THIBODAUX *v* WRIGHT et al.

Where the return on a citation shows that it was served "on a free white person, apparently above the age of fourteen years, who was working at the sugar house at the domicil of the defendant, who was absent at the time," the service is insufficient. It should have shown that the person on whom it was served lived in the house of the defendant, as required by art. 189 of the Code of Practice.

APPEAL from the District Court of Terrebonne, *Randall*, J. *Beatty*, for the plaintiff. *C. A. Johnson*, for the appellant. The judgment of the court was pronounced by

ROST, J. This is a suit upon a promissory note. There was a judgment by default, which, after the usual delays and proof of the obligation, was made final against the defendant, *Barrow*, who subsequently appealed. His counsel assigns, as an error apparent on the face of the record, the want of citation. The return of the sheriff is in these words: " Served copies of petition and citation on *Alexauder Henry*, personally known to me, a free white person, apparently above the age of fourteen years, who was working at the sugar house at the domicil of *Robert R. Barrow*, who was absent at that time."

This is not a legal service. It does not show that *Alexander Henry* lived in the house of the defendant, as required by art. 189 of the Code of Practice. See the cases of *Pilié* v. *Kenner*, 16 La. 571, *Sparks* v. *Weathersby*, 16 La. 595. *Kendrick* v. *Kendrick*, 19 La. 38. This plea is not a dilatory exception. The legal remedy for want of citation is by appeal, or by an action of nullity. *Cook* v. *The State*, 16 La. 289.

The judgment is reversed, and the case remanded for further proceedings; the plaintiff and appellee paying the costs of this appeal.