No. 605.—JACOB COLE, JR., v. MARCELLUS HOCHA.

The return of the sheriff on a citation served at the domicile of the defendant must show that the citation and copy of petition were served on a person of lawful age who resides at the domicile of the defendant at the time.

No valid judgment can be rendered against a party until he has been legally cited.

APPEAL from the Eighth District Court, parish of Calcasieu. *Bailey, J. Louis Leveque*, for plaintiff and appellee. *George H. Wells*, for defendant and appellant.

WYLY, J. The defendant has appealed from a judgment by default made final against him in the District Court, parish of Calcasieu.

I. He assigns as errors, apparent on the record, the insufficiency of the citation in not expressing, with certainty, the time within which he was required to answer.

II. Also the illegality of the sheriff's return thereon, in omitting to state that the person on whom he made the service resided at the domicile of the defendant.

The citation commands the defendant to appear at the next term of the District Court and comply with the demand of plaintiff " or file your answer thereunto in the office of the clerk of said court at the court house in the town of Charleston, if fifteen days shall remain between the time of service hereof and said term of said court, but if so many days shall not remain, then in fifteen days from the service hereof."

We think the citation complies with the requirements of the law. It contains much surplusage, but the defendant is summoned to comply with the demand of plaintiff or file his answer thereto within fifteen days from service. C. P. 179.

The sheriff's return however, is fatally defective; being a service at domicile it does not state that the person to whom the citation and copy of petition were delivered resided at the domicile of the defendant. C. P. 189; 3 A. 130; 16 L. 570, 594.

A default is a tacit joinder of issue based upon the presumed admission of the correctness of the demand; but a party who has not been legally cited cannot be presumed to have admitted any thing. He is not before the court.

The appellee however contends that if there were informalities the defendant waived them by appearance made in the court *a qua.*

We find no appearance in the record that would cure a defective citation of the defendant.

All that the record discloses is a motion to set aside the default on the ground that the defendant had not been legally cited. The court overruled the motion and made the default final. We think the default in this case is illegal, that the defendant was not properly before the court, and that the judgment should be set aside for an error, apparent on the face of the record.

It is therefore ordered that the judgment appealed from be annulled and avoided, and it is now ordered that this cause be remanded to be proceeded in according to law.

It is further ordered that plaintiff pay all costs.