No. 3968.—JAMES B. LEWIS *v*. MILDRED D. SMITH.

A citation served upon a person other than the defendant, who is only transiently at the dom'cile of the defendant and does not reside there, is fatal, and a judgment rendered thereon is absolutely void.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley*, J. *O. T. Bemiss*, for plaintiff and appellee. *Labatt & Aroni*, for defendant and appellant.

HOWE, J. This is a suit to annul a judgment upon the ground, among others, that no citation or notice of suit or claim has ever been served upon the plaintiff. The return of the sheriff in the suit of Smith *v*. Lewis et al, in which the judgment complained of was rendered, recites that the copy of citation and petition was served on Lewis, by leaving the same at his domicile on Camp street in the hands of Mr. R. Fischer, a person apparently over the age of fourteen years, living and residing at said domicile, and whose name and other facts connected with the service were learned by interrogating said Fischer, etc.

On the other hand it was admitted on the trial of this cause that the witness R. Fischer, if present, would testify that at the time of this service he was not residing in the house where it was made but was only transiently there, "believes a desk where his brother was bookkeeper."

The evidence thus taken by way of admission was objected to on the ground that the petition in this action of nullity contains no allegation authorizing the rejection of such evidence. The objection seems to be made in error. The quotation made above from the petition is an averment that citation was never served on the plaintiff Lewis, either personally or in the constructive manner attempted in this case and authorized by article 189 of the Code of Practice.

It was also objected that the plaintiff had appeared in court in another suit by another party on a similar citation which seems to have been served in the same way, and that he was estopped by this fact from any attempt to invalidate the return in this case. We have not been favored with any precedents in support of this novel application of the doctrine of estoppel, and see no foundation for it in principle.

It seems clear that R. Fischer was not "living in the house" which was the domicile of Lewis at the time of service, C. P. 189; and that, therefore, Lewis was not constructively cited. It is not pretended that he was served in person. We do not see any error in the judgment in favor of plaintiff Lewis.

Judgment affirmed.

Rehearing refused.