No. 6870.

VICTOR LAURENT VS. A. J. BEELMAN AND F. M. BEELMAN.

| 30 | 363 |
| 48 | 907 |
| 30 | 363 |
| 50 | 440 |
| 50 | 441 |

A judgment rendered against a party who was not cited, and who has not put in an appearance, is null and void.

A final judgment on default, signed by the judge *in chambers*, is absolutely void. Such a judgment, to be valid, must be read, and signed, in open court.

A void judgment can not be revived.

APPEAL from the Fourth Judicial District Court, parish of St. Charles. *Marks*, J.

*Breaux, Fenner & Hall* for plaintiffs and appellants.

*J. D. Augustin* for defendants.

The opinion of the court was delivered by

SPENCER, J. On the thirteenth of March, 1867, plaintiff filed a suit claiming judgment against the defendants separately as joint indorsers of a note. He prayed for citation of each defendant, as usual, and that each of them be condemned to pay him one half the note.

A citation issued, addressed to "F. M. Beelman, Parish of St. Charles." The sheriff's return states; "Received copies of the within summons and petition accompanying, on the thirteenth of March, 1867, and served the same on A. J. Beelman and F. M. Beelman, personally," etc.

Judgment by default was confirmed against both defendants, and "signed on the tenth of August, 1867, *at chambers*."

On the tenth of July, 1877, plaintiff filed petition to revive this judgment, citing both defendants personally to show cause, etc.

A. J. Beelman appeared and pleaded as cause against revival that the so-called judgment was rendered on default without his having ever been cited, and was signed *at chambers* and not read and signed *in open*

Laurent vs. Beelman.

*court* as required by law. The court below sustained this defense and rejected plaintiff's demand. Plaintiff appeals.

There is no error in the judgment. Both objections are fatal to plaintiff's pretensions. A judgment rendered without citation to or appearance of defendant is absolutely null and void. C. P. 612. *It is not a judgment.* It has no existence. It never drew the breath of life. You can not *keep alive* that which *never existed.* This was the view taken by the majority of this court, after much consideration, in the late case of "Conery vs. Rotchford, Brown & Co."

It is equally clear that where *a final judgment, on default,* is not "read" and "signed" *in open court,* but *at chambers,* the act is void and does not constitute a judgment. C. P. 543 and 546. A final judgment is the act of *a court,* and not of *a judge only.* Unless there is a special statute authorizing it (or perhaps a special agreement, on which we express no opinion), no final judgment can be rendered, read, or signed at chambers. The law says expressly they must be "read in open court," C. P. 543, and "signed before the adjournment of court." C. P. 546. There being no judgment, *even in form,* there is nothing to revive.

The judgment appealed from is affirmed with costs of both courts.