## No. 17.

### C. E. R. KING ET AL. VS. JOHN PICKETT ET AL.

'In an action to revive a judgment, the Defendant has the right to show that the judgment is absolutely null for want of citation. Laurent vs. Beelman, 30 An. 363, and Conery vs. Rotchford, Brown & Co., 30 An. 692, affirmed.

It is only by acts of great weight and conclusively proved, that a party could be estopped from setting up the absolute nullity of a judgment.

A bankrupt is not estopped from pleading the nullity of a judgment, because he has placed it on his Schedule, in the descriptive List of claims against him.

APPEAL from the Eighteenth Judicial District Court, parish of Bossier, *Turner*, J.

J. D. Watkins for Plaintiffs and Appellants.

Looney & Elstner, and J. A. W. Lowry for Defendants and Appellees.

The opinion of the Court was delivered by

FENNER, J. This is an action to revive a judgment.

Defendants resist upon the ground, among others, that the judgment sought to be revived is an absolute nullity for want of citation. After some contrariety of judicial opinion, we now consider it settled that this is a proper defense to an action to revive, and that a judgment rendered without citation cannot be revived. Laurent vs. Beelman, 30 A. 363. Conery vs. Rotchford, id. 692.

The services of citation on the defendants here were not personal, but domiciliary. They were served at the Willow Chute Plantation, in Bossier parish, stated in the returns to have been the domicile of both defendants, by handing the same to one, James B. Pickett.

The evidence conclusively establishes that Willow Chute was not the domicile of either of the defendants at the time, and that Jas. B. Pickett, to whom the citations were delivered, was not himself living there.

It is, therefore, clear that there was a complete want of citation. C. P. 189, 201.

Neither of the defendants ever voluntarily appeared or pleaded in the cause.

The judgment was rendered by default, and was an absolute nullity. C. P. 206.

This ends the case as to Paulina Pickett.

It is contended, however, that John Pickett, by subsequent acts of acquiescence and ratification, has estopped himself from setting up its nullity.

The acts charged are not of a nature to operate such an estoppel. They are:

1. The following endorsement, found on back of a writ of *fi. fa.*, issued on the judgment some years after its rendition: "Service accepted, notice of seizure and time waived, and consent that property may be advertised to be sold on the 1st Saturday of December next.

(Signed)                        R. C. CUMMINGS,

JOHN PICKETT,

By Nutt & Leonard, *Agents*."

It is to be observed that Messrs. Nutt & Leonard do not sign as attorneys of Pickett, but as *agents*, and we find not a word in the record to establish such agency, or to bring the act home to Pickett in any way.

2. The entry by Pickett, on his bankrupt schedules of this judgment, as follows: "J. L. C. Graham and Capt. Thomas, Bossier parish, La., $50,260, the amount of two judgments rendered in Bossier parish, La., with special mortgage and vendor's lien recognized, etc." We regard this as merely descriptive of the claim against him. When a bankrupt knows of the existence of a claim against him, though he may believe it to be unfounded, prudence requires him to place it on his schedule to secure his discharge therefrom, and to give the claimant an opportunity of asserting whatever rights he may have against the estate. Such action presents no element of estoppel.

3. It is charged that he subsequently bought back property, subject to mortgages, for a song, and thereby got the benefit of the mort-

gage of this judgment as an element of the price, and cannot now repudiate it. We know of no principle preventing a purchaser of property subject to mortgages from contesting the existence or validity of apparent mortgages, in the absence of any special assumption or agreement to pay.

The other suggestions of grounds of estoppel are of even less weight, and do not require consideration.

A judgment is the most solemn act of a court, and cannot be created except by the action of a court. No court has ever given a judgment against these defendants, because an apparent judgment, absolutely null for want of citation, appearance or plea, is no judgment. No subsequent action of parties of any kind could convert what was not a judgment into a judgment. The utmost that could be claimed as the effect of subsequent action would be to estop the defendants from setting up that it is not a judgment, i. e., from setting up the truth. To induce us to give the effect of a judgment to what is not, and never could become a judgment, by maintaining such an estoppel, the acts charged must be weighty, indeed, and conclusively proved.

This disposes of the case, and dispenses us from discussing other defenses.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be affirmed at appellant's costs.