LAND, J.
 

 On November 30, 1926, V. E. Harris obtained judgment against the relator, Harry Nolan, in the Seventh justice of the peace court, parish of St. Landry, for the sum of $49.35 and $5 costs in a suit on an open account.
 

 In March, 1929, relator filed the present suit in the Seventh justice of the peace court to annul this judgment, for want of citation.
 

 On April 9, 1929, a judgment was rendered in the Seventh justice of the peace court dismissing relator’s suit to annul.
 

 An appeal was taken from this judgment to the Thirteenth judicial district court, parish, of St. Landry, and, in the application for
 
 *1023
 
 writ of certiorari, we are asked to review the record upon which these judgments are based.
 

 Prior to the institution of this suit, V. E. Harris, the plaintiff in the suit in which the judgment herein sought to be annulled was rendered, was 'adjudicated a bankrupt in the District Court of the United States for the Western District of Louisiana, and ft. ,E. Sehultze, the defendant in the present suit to annul, purchased the judgment in the bank.ruptcy proceedings in that court.
 

 ft appears that the original records of the Seventh justice of the peace court, St. Landry parish, h’ave been lost or were destroyed by the overflow of 1927, except the judgment itself rendered in the suit of V. E. Harris v. Harry Nolan on open account.
 

 This judgment recites that: “The defendant
 
 having failed to appear
 
 at the time fixed for the trial, or within two hours thereafter, and, by reason of the law and the evidence' being in favor of the plaintiff, it is ordered and adjudged that plaintiff do have and obtain judgment against defendant for the sum of $49.35 and $5.00 costs.”
 

 The evidence shows th'at both the constable of the Seventh justice of the peace court and the defendant swore positively that no citation was served upon the defendant, and the constable testified, besides, that no citation was issued to him by the justice of the peace to be served in the case.
 

 In addition to this testimony, the judgment upon its face discloses that the defendant did not appear at the trial.
 

 The justice of the peace was not positive in his testimony as to whether or not he had issued a citation in the case.- .
 

 We are satisfied, from the facts before us, that no citation issued or was served upon the defendant, H'arry Nolan, in the suit of Y. E. Harris against him on the open account in the Seventh justice of the peace court, parish of St. Landry. '
 

 It is provided in article 612 of the Code of Practice that: “The nullity of a judgment rendered against a party without his having been cited, or by 'an incompetent judge, even if all the formalities of the law have been observed, may be demanded at any time, unless the defendant were present in the parish, and yet suffered the judgment to be executed without opposing the same.”
 

 It is not pretended in this case that the defendant comes within the exception made in the article. of the Code of Practice above cited.
 

 It is well settled that a judgment rendered, against a party, who has neither been cited nor appeared, is an absolute nullity which may be invoked by any one interested. 4 La. Dig. p. 347, par. 100.
 

 It is therefore ordered that the judgment rendered by the Seventh justice of the pdaee court of St. Landry parish, dismissing relator’s suit to annul, and that the judgment rendered by the Thirteenth district court for said parish, affirming this judgment on appeal, be set aside.
 

 It is now ordered that there be judgment in favor of relator, Harry Nolan, 'and against defendant, R. E. Sehultze, declaring to be hull and void the judgment obtained on November 30, 1926, by V. E. Harris against Harry Nolan, for $49.35 and $5 costs in the Seventh justice of the peace court, parish of St. Landry ; said judgment having been acquired by the defendant, R. E. Sehultze, in bankruptcy proceedings in the District Court of the United States for the Western District of Louisiana, prior to the institution of the present suit to annul said judgment for want of citation.
 

 
 *1025
 
 It is farther ordered that the defendant, R. 23. Schultze, pay the costs of this proceeding, and all costs of the suits to annul in hoth courts.