## WELDON et al. v. GANDY.
### No. 6021.

Court of Appeal of Louisiana.
Second Circuit.

April 4, 1940.

Joe Sanders, of Many, for appellants.
J. S. Pickett, of Many, for appellee.

DREW, Judge.

The plaintiffs, T. E. Weldon and the heirs of G. W. Weldon—Barney, Amos, Allen, Homer, Ivey, Algia Weldon Jeffers, Grace Weldon Williams and Ollie Weldon Hicks, instituted this action seeking to have a default judgment rendered against T. E. Weldon and G. W. Weldon, in favor of J. M. Gandy, defendant herein, declared a nullity and further asking that the Sheriff of Sabine Parish be enjoined from proceeding with a judicial sale under a writ of fieri facias, based on a judgment reviving the judgment which plaintiffs are seeking to have annulled.

From a judgment sustaining an exception of no cause or right of action filed on behalf of the defendant, the plaintiffs are prosecuting this appeal.

In their petition the plaintiffs allege that on November 17, 1932, J. M. Gandy obtained a judgment reviving the one ren-

dered in his favor in the proceeding styled "J. M. Gandy v. G. W. Weldon et al., No. 11,435, Eleventh Judicial District Court for the Parish of Sabine." The ground upon which this judgment is sought to be nullified is set forth in Paragraph 5 of plaintiffs' petition, which reads as follows:

"That said judgment, under date of October 19, 1932, is a nullity and of no effect whatsoever, for the following reasons, to-wit:

"(a) The defendants therein, G. W. and T. E. Weldon, were not legally cited, did not enter appearance, join issue, nor was there a regular judgment by default taken against them.

"(b) That G. W. Weldon and T. E. Weldon, defendants therein, were not served with legal process in any manner.

"(c) That sheriff's returns on what purports to be a domiciliary service on each defendant therein do not recite that service was made on a person above the age of sixteen, nor do they recite that service was made at the respective domiciles of the defendants.

"(d) The sheriff's returns, as endorsed on the citations to both defendants, do not contain a recital that the sheriff ascertained the name of person served and other facts relative to domiciliary service by interrogating the person on whom the service purports to have been made, or in any other manner.

"(e) The returns, as endorsed on each citation, do not contain a recital that the defendants were absent from their respective domiciles nor do they recite any other cause which would justify the purported domiciliary service."

 The legal distinction between the citation and the return of the sheriff has been very clearly pointed out in Louisiana jurisprudence. The citation is the thing, so to speak, while the return of the sheriff is merely evidence thereof. One may be valid and the other incomplete, while the return may indicate that a legal citation has been had, although the citation may be fatally defective. It has also been held that an improper return may be taken advantage of on appeal from a judgment rendered on the strength of such return, but when the defendant in the original action resumes the role of plaintiff in an action seeking to annul the judgment rendered, he must prove that the citation itself was defective.

In the case of Baham Bros. v. Stewart Bros. & Company, 109 La. 999, 34 So. 54, 56, the court stated: "A citation may be thoroughly legal, while the return may fail in making the recitals the sheriff ought to make; and, on the other hand, the return may be beyond criticism, and yet the fact be that no legal citation has been made."

And again, in the same case, it is stated:

"If the sheriff, through inadvertence, negligence, or ignorance, fails to make the recitals which properly should have been made, but, none the less, plaintiff's counsel and the court act upon it, and judgment is rendered upon it, the defendant on appeal is authorized to take advantage of the mere absence of these recitals, and have the judgment set aside as having been rendered upon insufficient evidence as to the fact of citation; the whole subject-matter of citation in that case being apparent upon the return. But where the defendant, instead of appealing, has recourse to an action of nullity, he must leave the mere recitals of the return which the court below dealt with merely as an evidence of the facts connected with the citation. He must go back of the return of the sheriff, and attack and tender an issue as to the existence of the facts which the law made necessary to constitute a citation. * * *

"But, when such an action is brought, it must be based, as the article itself declares, upon the fact that the defendant was in fact not cited, not upon the fact that the sheriff, in his return of the service of citation, may have omitted some statement which should have appropriately been inserted therein."

█ Section b of paragraph 5 of the plaintiff's petition alleges that neither G. W. Weldon nor T. E. Weldon were served with legal process in any manner. It is urged on the part of the defendant and appellee that sections A and B of the said paragraph are negatived by the allegations contained in Sections C. D. and E. The allegations in the latter sections are to the effect that the sheriff's returns on the purported citations are incomplete. Apparently counsel for defendant takes the position that there must have been service of process where there is a purported citation containing an endorsement of the sheriff's return. We cannot agree with that contention as it is obvious that it is possible that the written evidence of the citation might exist without ever having been physically brought to the attention of the

party to whom it is directed by service of process.

In setting out the ground for which the nullity might be decreed, Article 606 of the Code of Practice provides:

"The vices of form for which a judgment can be annulled are the following: * * *

"4. If the defendant has not been legally cited, and has not entered appearance, joined issue, or had not a regular judgment by default taken against him."

■■ Citation is the basis of the suit and the purpose of service is to apprize the defendant of the nature of the demand made against him. The law provides other methods for service than actually serving notice to the defendant, but requires strict conformity to the methods by which such substituted service is to be made.

■ Under the doctrine of the Baham case, supra, we feel that the lack of service, which is the very essence of citation, is without doubt sufficient to form the basis of an action of nullity.

The judgment of the lower court sustaining the exception of no cause or right of action is reversed and the case remanded for trial on the merits, with costs of this appeal to be borne by appellee, all other costs to abide the final outcome of the case.