**79 So.2d 877**

**Albert A. WILSON**

**v.**

**Carleton KING.**

**No. 40926.**

March 21, 1955.

Rehearing Denied April 25, 1955.

· Baldwin, Haspel & Molony, Robert R. Rainold, Lawrence J. Molony, Richard C. Baldwin, New Orleans, for plaintiff-appellee.

Oliver P. Schulingkamp, John H. Farrelly, New Orleans, for defendant-appellant.

PONDER, Justice.

This is a suit to revive a judgment rendered by default on November 20, 1940. The defendant opposed the revival of the judgment on the ground that the default judgment was an absolute nullity for want of legal citation. On hearing the court gave judgment in favor of the plaintiff reviving the judgment. The defendant has appealed.

It appears that the default judgment was rendered on a purported citation by domiciliary service. The sheriff's return shows that a copy of the citation and accompanying petition was served at the domicile of the defendant by placing it in the hands of a maid, Pearl Johnson, a person apparently over the age of 16 years, living and residing on the premises, and that these facts connected with the service were learned by interrogating the maid during the absence of the defendant. The evidence adduced at the trial shows that the maid, Pearl Johnson, who was employed by the defendant, never lived on the premises and that there were no living accommodations on the premises for a servant.

Under the provisions of Article 187 of the Code of Practice, service of citation may be made in either of two ways, by being delivered to the defendant in person or by being left at his domicile. Article 189 of the Code of Practice provides that domiciliary service "is made at the domicile when the copies of the citation and petition are left at the usual place of domicile or residence of the defendant, if he be absent, by delivering them to a person, apparently above the age of fourteen, living in the house." Service of citation upon one not living at the domicile of the defendant is not valid and no valid judgment can be rendered thereon. Lewis v. Smith, 24 La.Ann. 617; Richardson v. Trustees' Loan & Guaranty Co., 15 La. App. 645, 132 So. 387; Pilie v. Kenner, 16 La. 570; Sparks v. Weatherby, 16 La. 594; Thibodaux v. Wright, 3 La.Ann. 130; Oakey v. Drummond, 4 La.Ann. 363; Feazel v. Cooper, 15 La.Ann. 462; Cole v. Hocha, 21 La.Ann. 613; Lehman, Stern & Co. v. Broussard, 45 La.Ann. 346, 12 So. 504; Rehage v. Hayford, 141 La. 103, 74 So. 711; Robinson v. Enloe, 10 La.App. 435, 121 So. 320; Quinn v. O'Neil, 10 La. App. 121, 121 So. 377. Actual citation is necessary and the return of the sheriff is merely evidence that the citation is proper but it can be refuted by clear and convincing proof. Weldon v. Gandy, La.App., 195 So. 655; Logwood v. Logwood, 185 La. 1, 168 So. 310. A judgment rendered against a party who has neither been cited nor appeared is an absolute nullity. Key v. Jones, La.App., 181 So. 631 and the cases cited therein; Nolan v. Schultze, 169 La. 1022, 126 So. 513. The mere fact that there is a purported citation containing an indorsement of the sheriff's return does not necessarily show that there must have been service of process for it is possible that the written evidence of the citation might exist without ever having been physically brought to the attention of the party to whom it is directed. Weldon v. Gandy, supra. While the return may be perfect in its recitals the citation may be null. Baham v. Stewart Bros. & Co., 109 La. 999, 34 So. 54. The law relating to domiciliary service must be strictly complied with. Sparks v. Weatherby, supra.

The plaintiff contends that the defect in the citation is a relative nullity and that

it cannot be urged as a defense in an action to revive the judgment. Plaintiff also contends that irrespective of the conclusion reached that the defendant is guilty of gross laches in allowing more than nine years to elapse before urging the invalidity of the judgment and without instituting a direct action to declare it a nullity.

■■ An action to revive a money judgment is not a new suit but is part of the original action. Jaubert Bros. v. Landry, La.App., 15 So.2d 158; Blanchard v. Smith, La.App., 45 So.2d 527; Scherrer v. Caneza, 33 La.Ann. 314; Hayden v. Slaughter, 43 La.Ann. 385, 388, 8 So. 919; Carter v. State, 49 La.Ann. 1487, 1489, 22 So. 400. Where a defendant has not been legally cited and has not made an appearance in a suit, any judgment rendered therein is absolutely null. Article 606 of the Code of Practice. Laurent v. Beelman, 30 La.Ann. 363; Nolan v. Schultze, 169 La. 1022, 126 So. 513; Key v. Jones, La.App., 181 So. 631.

Article 206 of the Code of Practice provides:

"Citation being the essential ground of all civil actions in ordinary proceeding, the neglect of that formality annuls radically all proceedings had, unless the defendant have voluntarily appeared to the suit and answered the demand. But citation is not necessary in executory proceeding, nor when the proceedings are in rem against the thing as hereafter provided."

Article 612 of the Code of Practice provides:

"The nullity of a judgment rendered against a party without his having been cited, or by an incompetent judge, even if all the formalities of the law have been observed, may be demanded at any time, unless the defendant were present in the parish, and yet suffered the judgment to be executed without opposing the same. * * *"

Under this article the nullity of a judgment rendered without citation may be demanded at any time by any one interested if the judgment has not been executed. In re Webster's Tutorship, 188 La. 623, 177 So. 688.

■ It was held in the case of King v. Pickett, 32 La.Ann. 1006, that such could be set up in defense to an action to revive a judgment. It was said in the King case, "After some contrariety of judicial opinion, we now consider it settled that this is a proper defense to an action to revive, and that a judgment rendered without citation cannot be revived." Citing Laurent v. Beelman, 30 La.Ann. 363 and Conery v. Rotchford, 30 La.Ann. 692. Estoppel or laches cannot arise against an absolute nullity. Rhodes v. Miller, 189 La. 288, 179 So. 430.

For the reasons assigned, the judgment of the lower court is reversed and set aside. The plaintiff's demand is rejected at his cost.

HAMITER, J., concurs in the result.

On Application for Rehearing.

PER CURIAM.

The appellee says that we overlooked his contention that the appellant stood by and permitted the judgment to be executed without opposing it. We considered this contention but the record showed that the judgment had never been executed and therefore it would serve no useful purpose to discuss this question.

Rehearing refused.

HAMITER, J., dissents from the refusal to grant a rehearing.