112 So.2d 664

**Gertrude HENSON**

v.

**Harvey HENSON.**

No. 43824.

June 1, 1959.

Nathan Greenberg, Gretna, for defendant-appellant.

Jacob H. Sciambra, Gretna, for plaintiff-appellee.

HAWTHORNE, Justice.

The only question raised by this appeal is the validity of an ex parte order of the district court of Jefferson Parish, Louisiana, recognizing a judgment of the district court of Sedgwick County, Kansas.

On March 29, 1957, Mrs. Gertrude Henson, a resident of Sedgwick County, Kansas, filed a petition in the Twenty-fourth Judicial District Court for the Parish of Jefferson in which she alleged that on November 5, 1956, there was rendered in the district court of Sedgwick County, Kansas, in proceedings entitled "Gertrude Henson v. Harvey Henson", No. A–49,516 on the docket of that court, a judgment in her favor against Harvey Henson for $800. Annexed to the petition were a certified copy of the Kansas judgment, a certificate of the clerk and seal of the court, and a

certificate of the judge of the court that the attestation was in proper form.[1] The petition alleged that Harvey Henson was presently a resident of Jefferson Parish, and that petitioner desired to examine him as a judgment debtor under the provisions of R.S. 13:4311. Petitioner prayed that she have the privilege of examining Harvey Henson as a judgment debtor at a time and place to be fixed by the court, and that he be ordered to produce in court at the same time certain books, papers, and documents described in the petition.

On April 1, 1957, the district court of Jefferson Parish signed an order reading as follows:

"Let the judgment of the District Court of Sedgwick County, Kansas, be recognized and let Harvey Henson be duly ordered and cited to appear in open court on the 15th day of April, at 10:00 o'clock a. m., to be examined as judgment debtor under the provisions of R.S. 13:4311.

"Let Harvey Henson be further notified and summoned to produce at the above time, the books, papers and documents described hereinabove."

A certified copy of the petition and order was served on the defendant in rule, Harvey Henson, on April 4, 1957. It is to be noted that at the time defendant was served, the order of the district judge rec-

ognizing the Kansas judgment had already been signed.

On April 15 this judgment debtor rule came on to be heard, there being present counsel for both parties, and according to the minutes on that date the following order was entered by the court: " * * * after the rule was submitted to the Court, the Court ordered the Rule satisfied."

On June 27 Mrs. Henson caused a fi. fa. to be issued, directed to the sheriff of the Parish of Jefferson, for the purpose of satisfying the Kansas judgment plus costs. About this time she filed a supplemental petition alleging that she had reason to believe that the California Company was indebted to Henson and asking that that company be made garnishee. In due course interrogatories were propounded to the company, which answered that the defendant Henson was in its employ, stated his wages, and admitted that it was indebted to Henson in a stipulated amount. Henson appeared in these proceedings asking to have the writ of garnishment recalled and set aside on the ground that the Kansas judgment had been recognized by the Jefferson Parish district court in an ex parte proceeding without citation, and that consequently the order of the Jefferson Parish district court was null and void.

From this statement of facts it will be observed that the lower court recognized

1. The certified copy of the judgment discloses that the amount found to be due

Mrs. Henson was for unpaid child support.

the Kansas judgment in a summary proceeding without citation of the defendant and even before the service of the rule itself.

■■ Formerly a creditor with an out-of-state judgment could proceed against a debtor in Louisiana by executory process. It is now well settled, however, that the only method of procedure in this state on such a judgment is by ordinary action with citation and service or by seizure of the debtor's property. Succession of Macheca, 147 La. 164, 84 So. 574; State ex rel. Macheca v. Dunn, 148 La. 460, 87 So. 236; Turley v. Dreyfus, 33 La.Ann. 885. Under this jurisprudence, therefore, the ex parte order of the Louisiana district court recognizing the Kansas judgment was null and void for failure to cite and serve Henson.

Article 206 of our Code of Practice provides: "Citation being the essential ground of all civil actions in ordinary proceedings, the neglect of that formality annuls radically all proceedings had, unless the defendant have voluntarily appeared to the suit and answered the demand. * *" That the order of the district court was null and void seems to be conceded by all parties hereto.

■ Appellee Mrs. Henson argues, however, that Henson's appearance through counsel for the purpose of being

examined as a judgment debtor under R.S. 13:4311 was a waiver of citation and was notice to him of the judgment of the district court recognizing this foreign judgment, and that this had the effect of curing the defect in the order of the district court recognizing the foreign judgment. The question which we must decide is: Did the appearance of appellant Henson in this proceeding through counsel have the effect of making valid the judgment of the Jefferson district court recognizing the Kansas judgment, even though it was null and void for want of citation?

Wilson v. King, 227 La. 546, 79 So.2d 877, was a suit to revive a judgment rendered in November, 1940. The defendant opposed the revival of the judgment on the ground that it was an absolute nullity for want of legal citation. This court reversed the judgment of the district court reviving the judgment, having found that there was no legal citation on the judgment debtor and that for this reason the judgment was an absolute nullity. Plaintiff contended that notwithstanding this fact the judgment debtor was guilty of gross laches in allowing more than nine years to elapse before urging the invalidity of the judgment and without instituting a direct action to have it declared null. In a per curiam on application for rehearing we said:

"The appellee says that we overlooked his contention that the appellant stood by

and permitted the judgment to be executed without opposing it. We considered this contention but the record showed that the judgment had never been executed and therefore it would serve no useful purpose to discuss this question."

An examination of the briefs and the original record filed in this court in Wilson v. King, supra, discloses that in the action to revive the 1940 judgment an order was issued in 1941 directed to the judgment debtor to appear for examination in accordance with the act; that the defendant under this proceeding was cited and personally served and was in due course examined in open court as to his income and assets. The contention was made in that case, as in this one, that the defendant's appearance in such proceedings constituted notice to him of the judgment which had been rendered therein without citation, and prevented him from later contending that the judgment was a nullity for want of citation. It is true that no mention of this contention was made in the opinion of this court, but it was considered and decided adversely to the judgment creditor.

That case is authority for holding in the instant case that the appearance of the judgment debtor in response to the judgment debtor rule was not a waiver of citation and did not validate the order of the lower court recognizing the Kansas judgment.

For the reasons assigned the order of the district court recognizing the Kansas judgment is decreed to be null and void; appellee is to pay all costs.