AYRES, Judge.
Plaintiff appeals from a judgment rejecting its demands which were presented for determination on confirmation of a default.
The reasons assigned by the trial court for denial of the relief sought by plaintiff are not contained in the record. It would appear, however, from a consideration of the entire record that the ruling was predicated upon the circumstance and failure of the record to establish that defendant was either a resident of, or domiciled in, Caddo Parish at the time this action was instituted and, hence, that service of process as attempted by domiciliary service was ineffective to confer jurisdiction of the defendant upon the court.
The general rule in civil matters is that one must be sued before the court having jurisdiction over the place where he has his domicile, or residence. Code of Practice Art. 162. A citation, in the absence of voluntary appearance, is generally an essential and indispensable prerequisite in all civil actions. Code of Practice Art. 206. Service of citations addressed to individuals may be either personal or domiciliary. L.S. A.-R.S. 13:3471(1) and (8). If domiciliary, service may be made at the domicile of the person to whom the citation is addressed by leaving the same in the hands of any person above the age of 16 years residing on the premises, and such service is conclusive, “ * * * if it be established that the person upon whom service was made actually resided in the house, * * L.S.A.-R.S. 13:3471(8).
That the defendant lived in the house at which service was made or that the residence constituted his domicile is not established by the record. These facts are left in doubt by the return of service on the citation, by notation in an appendage thereto, which recites: “The above named defendant does not live in this country any longer.”
Obviously, if defendant neither resided in, nor maintained his domicile at, the residence where service was made, and there is no affirmative showing of either of those facts, such service was ineffective and insufficient. Any judgment based thereon would be null and void. A judgment rendered against a party who has neither been cited nor appeared is an absolute nullity. See Code of Practice Art. 606; Wilson v. King, 227 La. 546, 79 So.2d 877; Nolan v. Schultze, 169 La. 1022, 126 So. 513; Key v. Jones, La.App., 181 So. 631. The nullity of a judgment rendered against a party without his having been cited may be demanded at any time unless he were present in the parish and permitted the execution of the judgment without opposing the same. In re Webster’s Tutorship, 188 La. 623, 177 So. 688; Wilson v. King, supra. The nullity of a judgment rendered without citation or voluntary appearance may be interposed as a defense to an action to revive the judgment. King v. Pickett, 32 La.Ann. 1006.
The court’s action in denying confirmation of the default in the instant case was proper. No authority is conferred in, or duty imposed upon, a court to render a null and void judgment.
*648 From the views herein expressed, we may pretermit entirely all discussion of other grounds which may possess merit and which may have prompted the court in rejecting plaintiff’s demands. Reference, in this regard, is made to the alleged account wherein many of the tickets, such as are legible, purport to be sales to Boyd Finegan Aircraft, not otherwise identified and to which no relationship of the defendant is disclosed. It may be further pointed out there does not appear in the record any assignment or transfer of the alleged account, or accounts, to plaintiff.
Nevertheless, under the foregoing facts, the judgment, in our opinion, was in error in rejecting plaintiff’s demands instead of nonsuiting its claim. The judgment appealed will be, accordingly, amended.
Therefore, the judgment appealed is amended by rejecting plaintiff’s demands and dismissing its suit as of nonsuit and, as thus amended, it is affirmed, at appellant’s cost.
Amended and affirmed.