HEARD, Judge.
On August 13, 1958 Odell Jordan Sullivan sued Huland L. Sullivan for divorce, custody of their minor child, and $50 per month child support. The suit was filed in the Second Judicial District Court, Jackson Parish.
On the same date the Clerk of the Second Judicial District Court mailed a certified copy of the petition and citation to the Sheriff of Caddo Parish requesting him to serve Huland L. Sullivan. On October 17, 1958 Odell Sullivan obtained a default judgment against Huland Sullivan awarding her a divorce, custody of their minor child and $50 per month child support. On January 22, 1959 the Caddo Sheriff returned the citation to the Jackson Parish District Court Clerk with the following notation :
“After due and diligent search, I failed to find within named, and I hereby return same to the Clerk’s office . . . ”
On March 5, 1962 Odell Sullivan sued Huland L. Sullivan for 40 months’ child support which she alleged to be in arrears. Personal service of the petition and citation was made on Huland L. Sullivan on March 6, 1962. He answered the petition on March 10, 1962 admitting that “. a judgment granting and awarding unto your petitioner [Odell Sullivan] an absolute divorce was granted in the case styled Odell Jordan Sullivan v. Huland L. Sullivan, #8833, on October 17, 1958 ...” He further answered raising a plea of prescription of three years. He also alleged that the child was not in the custody of the plaintiff except for very limited periods of time and that he had custody part of the time. He alleged that he had furnished food and clothing to his child, under a verbal agreement with plaintiff to do so.
This suit in 1962 never came to trial and no, other proceedings were had in connection therewith.
On September 3, 1971 Odell Sullivan sued Huland L. Sullivan for 36 months child support which she alleged to be in arrears. On September 10, 1971 Huland L. Sullivan was ordered to show cause on September 21, 1971 why he should not be ad *148 judged in contempt of court and why the plaintiff should not have executory judgment against him for $1,800. Testimony at the September 21, 1971 hearing was not transcribed. Judgment was rendered on September 24, 1971 in favor of Odell Sullivan making her claim for alimony execu-tory in the sum of $1,800. Huland Sullivan perfected a devolutive appeal from this judgment.
In brief Huland Sullivan asserts that the defense urged at the September 21, 1971 hearing on the rule was that the judgment of October 17, 1958 was null because of its rendition without valid process having been had on the defendant. The record reflects that the default judgment of October 17, 1958 was granted with Hu-land Sullivan never having been cited to appear. LSA-C.C.P. Art. 1201 provides:
“Citation and service thereof are essential in all civil actions except summary and executory proceedings. Without them all proceedings are absolutely null.”
LSA-C.C.P. Art. 2002 provides:
“A final judgment shall be annulled if it is rendered; * * * (2) [a]gainst a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken . . . ”
LSA-C.C.P. Art. 2003 provides:
“A defendant who voluntarily acquiesced in the judgment, or who was present in the parish at the time of its execution and did not attempt to enjoin its enforcement, may not annul the judgment on any of the grounds enumerated in Article 2002.”
From the above, it appears that unless Huland L. Sullivan has “acquiesced” in the October 17, 1958 judgment, it is null and of no effect. It follows that if the October 17, 1958 judgment is null then it can not form the basis of the September 24, 1971 judgment making it executory.
Plaintiff asserts that defendant acquiesced in the judgment for two reasons: (1) that he has since remarried; (2) that he failed to object to proceedings leading up to the judgment of October 17, 1958 when plaintiff filed the rule to make past due alimony executory on March 5, 1962. In that proceeding defendant, through counsel, admitted in his answer to the rule to show cause, the allegations of paragraph 1 of plaintiff’s petition that an absolute divorce was granted in the case styled “Odell Jordan Sullivan v. Huland L. Sullivan, #8833” on October 7, 1958.
There are few cases in our jurisprudence which interpret LSA-C.C.P. Art. 2003. In Dupuis v. Patin, La.App., 155 So.2d 768 (3d Cir. 1963) the court, by way of obiter dictum, stated that payment of an alimony judgment, in part or in full, constitutes acquiescence in a defective judgment thereby precluding an attack on the judgment, either directly or collaterally. This dictum was approved by the court in Barr v. Freeman, La.App., 175 So.2d 649 (1st Cir. 1965).
Most cases in our jurisprudence dealing with acquiescence in defective judgments involve an interpretation of Code of Practice Art. 612 which provided:
“The nullity of a judgment rendered against a party without his having been cited, or by an incompetent judge, even if all the formalities of the law have been observed, may be demanded at any time, unless the defendant were present in the parish, and yet suffered the judgment to be executed without opposing the same.”
See Green v. Small, 227 La. 401, 79 So.2d 497 (1955); Dipuma v. Anselmo, La.App., 137 So.2d 76 (1st Cir. 1962) for examples of the interpretation of Code of Practice Art. 612. In Andrews v. Sheehy, 125 La. 217, 51 So. 122 (1909) decided under the Code of Practice, it was held that there was no acquiescence in the defective judgment where “. . . the most that is alleged or proved being that Andrews prom *149 ised to pay the judgment, if granted time, which is not the same thing as executing it, or permitting it to be executed; . . . ”
It appears that LSA-C.C.P. Art. 2003 has broadened the concept of acquiescence by the use of the language “acquiesced in the judgment, or who was present in the parish at the time of its execution and did not attempt to enjoin its enforcement .” (emphasis supplied)
Plaintiff asserts that defendant remarried and that this is an acquiescence in the judgment. There is no testimony in the record to support this claim. The return on the citation by the Sheriff shows process was served on Mrs. Huland Sullivan on September 9, 1971 but this in itself is not sufficient proof of acquiescence by marriage. If Huland L. Sullivan has acquiesced in the defective judgment it is due to his answer to the 1962 petition. The record reflects no other action by him which could be construed as an acquiescence. He admitted in his 1962 answer that there was a judgment of divorce against him and attempted to defend the action by alleging that plaintiff did not have custody of the child except for limited periods of time. He also raised a plea of prescription. We are unprepared to say that a mere answer to a subsequent petition is an acquiescence in a judgment defective for want of service of citation.
Huland Sullivan had no opportunity to defend the original suit. It does not appear that he knew of the original judgment until 1962. We do not feel the 1962 suit placed any burden on Huland Sullivan to make a direct attack on the judgment. It is well settled that a defective judgment may be attacked collaterally, and at any time. Texaco, Inc. v. Finegan, La.App., 119 So.2d 646 (2d Cir. 1960); Dupuis v. Patin, La.App., 155 So.2d 768 (3d Cir. 1963); King v. Pickett, 32 La.Ann. 1006 (1880). In King v. Pickett, supra, it was stated:
“A judgment is the most solemn act of a court, and cannot be created except by the action of a court. No court has ever given a judgment against these defendants, because an apparent judgment, absolutely null for want of citation, appearance or plea, is no judgment. No subsequent action of parties of any kind could convert what was not a judgment into a judgment. The utmost that could be claimed as the effect of subsequent action would be to estop the defendants from setting up that it is not a judgment i. e., from setting up the truth. To induce us to give the effect of a judgment to what is not, and never could become a judgment, by maintaining such an estop-pel, the acts charged must be weighty, indeed, and conclusively proved.” [p. 1008] Emphasis supplied.
The face of the record in this case discloses a defective judgment. We do not feel that Odell Sullivan has proved acquiescence in the defective judgment. Therefore, the defective judgment cannot be made executory, and it was error for the trial court to do so.
For the reasons stated above, the judgment is reversed and plaintiff’s suit dismissed. Costs of this appeal are to be borne by Odell Sullivan.