|! McKAY, Judge.
This is an appeal from a trial court’s granting of summary judgment. We affirm.
FACTS AND PROCEDURAL HISTORY
Kathleen Cimo Guidry Aultman was employed by Consolidated Technical Services, Inc. from November 1978 to September 1982. During this period of time, Mrs. Aultman embezzled more than $50,-000.00 from the company. In time, Mrs. Aultman’s embezzlement of funds was discovered. In order to make amends, she executed a promissory note as well as a confession of judgment and began making restitution payments to Consolidated Technical Services.
On February 2, 1982, Consolidated Technical Services was sold by its sole stockholders, Walter Wantscheck and Walter Jenkins, to Commco Consolidated, Inc., a Texas corporation. The name of Consolidated Technical Services was then changed to Commco Construction Company of Louisiana, Inc.[1] Before the sale of Consolidated Technical services, Hugh Hohn was its corporate secretary. | gH owe ver, according the records of the Louisiana Secretary of State’s Office, the secretary of Commco Construction Company of Louisiana was Brenda Steelman.
On February 1, 1985, a suit styled Consolidated Technical Services, Inc. v. Kathleen Cimo Guidry Aultman and bearing CDC No. 85-1846 was filed for money owed by Mrs. Aultman.[2] There was nei *72 ther citation nor service of the suit upon Aultman and judgment was rendered against her on the same day the suit was filed. This judgment was never executed upon by Consolidated Technical Services or Commco Construction Company of Louisiana. However, Mrs. Aultman continued making her monthly restitution payments until one of her payments was returned to her as undeliverable. In an attempt to find out what to do, Mrs. Aultman contacted Hugh Hohn, her former boss, and he allegedly advised her that it was no longer necessary to make payments because according to his knowledge, Commco had gone into bankruptcy.[3]
On December 9, 1993, Hugh Hohn met with representatives of the law firm of Waguespack, Seago & Carmichael.[4] At this meeting, Mr. Hohn was given a check for $1000.00 made payable to cash. Mr. Hohn then purportedly assigned the judgment against Mrs. Aultman to Wagues-pack, Seago & Carmichael in ^consideration of this amount. In the act of assignment of judgment, Mr. Hohn signed as secretary of Commco Construction Company of Louisiana. The judgment was then purportedly assigned by Waguespack, Seago & Carmichael to its client, C. Todd Corporation.
In 1994, C. Todd, as the purported as-signee of the judgment against Mrs. Ault-man and as her judgment creditor, made an appearance in case No. 85-1846 to request the issuance of a writ of fieri facias seizing the 6.667% interest of Mrs. Ault-man in a piece of real property located at 520 St. Philip Street in New Orleans’ French Quarter.[5] The writ was issued and Mrs. Aultman’s interest was seized. A sheriffs sale was held at which C. Todd purchased Mrs. Aultman’s interest.[6] Following the purchase of Mrs. Aultman’s interest, C. Todd filed a partition suit against the Cimos (the siblings of Ault-man), the other co-owners of 520 St. Philip Street, for the purpose of obtaining the partition by licitation of the property.
In October of 1996, C. Todd obtained a summary judgment ordering the partition of the property. However, this Court, in an unpublished opinion, reversed and set aside that judgment. C. Todd Corp. v. Cimo, 96-0228 (La.App. 4 Cir 6/26/96), 675 So.2d 306. On July 24, 1997, in the related matter of Kathleen Cimo Guidry Aultman v. Consolidated Technical Services, Inc. and/or Commco Construction Company of Louisiana, Inc. and/or C. Todd Corporation and/or Paul Valteau, CDC No. 97-6326, the district court annulled and recalled the judgment of February 1, 1985, *73 in favor of Consolidated Technical Services against Mrs. [ ¿Aultman in proceeding No. 85-1846 as an absolute nullity and/or because of fraud and ill practice. This judgment was not appealed and is now a final judgment. Then, in December of 1997, one of the defendants in the partition action, Laura Cimo Russo, filed a motion for summary judgment and an exception of no right of action, claiming that the title of C. Todd to an interest in the property was flawed. In response, C. Todd filed its own motion for partial summary judgment seeking to have the court recognize its ownership interest in the property. After a hearing was held on the two motions for summary judgment and the exception, the trial court, on June 80, 1998, denied C. Todd’s motion for partial summary judgment and granted Mrs. Russo’s motion for summary judgment. It is from this judgment that C. Todd appeals.
DISCUSSION
The issue before this Court is whether the trial court’s granting of Russo’s motion for summary judgment was proper. Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1183.
A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits submitted, if any, show there is no genuine issue of material fact such that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966; Vermilion Corp. v. Vaughn, 397 So.2d 490, 493 (La.1981). The motion is now |Bfavored in Louisiana and is designed to secure the just, speedy and inexpensive determination of an action. La. C.C.P. art. 966(A)(2). Although the burden of proof remains with the mover, the mover’s burden does not require him to negate all essential elements of the adverse party’s claim, action or defense. The mover’s burden requires him to point out to the court that there is an absence of factual support for one or more element essential to the non-moving party’s claim, action or defense. If the non-moving party fails to produce factual support sufficient to support that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2).
The judgment of February 1, 1985 against Mrs. Aultman that was purportedly assigned to C. Todd Corporation and which forms the basis for the instant case was annulled and recalled by the district court as an absolute nullity in proceeding No. 85-1846. Louisiana Code of Civil Procedure Article 2002(A)(2) states: “A final judgment shall be annulled if it is rendered: [a]gainst a defendant who has not been served with process as required by law and who has waived objection to jurisdiction, or against whom a valid judgment by default has not been taken.” The jurisprudence of this state has also found that a judgment rendered against a party who has neither been cited nor appeared is an absolute nullity. Lacour Plantation Co. v. Jewell, 186 La. 1055, 173 So. 761 (1937); Wilson v. King, 227 La. 546, 79 So.2d 877 (1955); Texaco, Inc. v. Finegan, 119 So.2d 646 (La.App. 2 Cir.1960). In the instant case, since the judgment against Aultman has 1 fibeen declared a legal nullity, there is no basis for the partition suit brought by C. Todd against the Cimos.
C. Todd’s argument that its rights were never fully adjudicated in the suit which annulled and recalled the judgment against Mrs. Aultman is unfounded. The judgment assigned to C. Todd was the same one obtained by Commco Construction Company of Louisiana in the suit styled Consolidated Technical Services, Inc. v. Kathleen Cimo Guidry Aultman. This judgment was nullified by the court’s ruling in Kathleen Cimo Guidry Aultman v. Consolidated Technical Services, Inc. and/or Commco Construction Company of Louisiana, Inc and/or C. Todd Corporation and/or Paul Valteau, which was not *74 appealed and is now a final judgment. At most, C. Todd is the successor in interest to the original judgment creditor. As such, C. Todd stepped into the shoes of the original judgment creditor and the subsequent assignees of the judgment. Accordingly, its rights are the same as those of its predecessors and no greater.
In any event, even if the judgment against Mrs. Aultman was not null, C. Todd cannot prove that the assignment of the judgment to it was valid. Representatives of Waguespaek, Seago & Carmichael met with Hugh Hohn, the former corporate secretary of Consolidated Technical Services, and paid him $1,000.00 for the assignment of the judgment against Ault-man. Hohn had no authority to do this. Consolidated Technical Services had been sold to Commco Consolidated and its name had been changed to Commco Construction Company of Louisiana. The corporate secretary of the renamed company was Brenda |7Steelman and not Hugh Hohn. Louisiana Civil Code article 2997 provides that when a property right is bought or alienated by mandate, the power must be express. Hohn had no such authority. Waguespaek, Seago & Carmichael knew or should have known that Hohn had no express authority nor could they believe he had any apparent authority if they examined the plethora of judicial and public records documents pertaining to Consolidated Technical Services, Commco Consolidated, and Commco Construction Company of Louisiana.
CONCLUSION
After a careful review of the record, we conclude that C. Todd Corporation cannot satisfy its evidentiary burden of proof at trial that there is a genuine issue of material fact. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.

. Commco Construction Company of Louisiana did not do business in Louisiana other than to change its name. Commco Construction Company of Louisiana also never registered nor qualified in the state of Texas.

. An affidavit of correctness of account signed by William Jenkins as president of Consolidated Technical Services, Inc. accompanied this lawsuit.

. The histories of Commco Construction Company of Louisiana, Consolidated Technical Services and Commco Consolidated are all quite murky. In December of 1983, Walter C. Wantschek and Walter Jenkins sued Commco Consolidated for failure to pay the purchase price and the promissory note given as part of the purchase price for Consolidated Technical Services. Commco Consolidated had its charter forfeited and its existence declared null and void in Texas as of May 21, 1985, for failure to pay state franchise taxes (although, Commco Consolidated’s charter was reinstated in Texas in June of 1985, it was again forfeited on January 20, 1987). Commco Construction Company of Louisiana had it corporate charter revoked in 1990 for failure to file annual reports with the Louisiana Secretary of State. Later, Commco Construction Company of Louisiana was reinstated in Louisiana by the law firm of Waguespack, Seago & Carmichael However, both the Louisiana address and the Texas address for Commco Construction Company of Louisiana given by Waguespack, Seago & Carmichael were false addresses.

. This law firm is involved in other litigation with the Cimos (the owners of the property at 520 St. Philip Street). This includes but is not limited to a suit by Donald Moffatt, the alleged lessee of the property, against the Cimos in an attempt to gain ownership of the property.

. Aultman had acquired her interest in this property through the succession of her father.

. The sheriff’s deed named Consolidated Technical Services, Inc. as the purchaser of the Aultman interest. C. Todd Corporation was substituted in a subsequent Act of Correction.